604 S.E.2d 376

**In the Matter of M. Parker VICK, Respondent.**

No. 25880.

Supreme Court of South Carolina.

Submitted Oct. 5, 2004.

Decided Oct. 25, 2004.

Henry B. Richardson, Jr., Disciplinary Counsel, Susan M. Johnston, Deputy Disciplinary Counsel, and Princess Henryhand Hodges, Assistant Disciplinary Counsel, all of Columbia, for Office of Disciplinary Counsel.

M. Parker Vick, pro se, of Spartanburg.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the sanctions provided by Rule 7, RLDE, Rule 413, SCACR. We accept the agreement and indefinitely suspend respondent from the practice of law in this state. The facts, as set forth in the agreement, are as follows.

### FACTS

Respondent wrote seventeen checks to the Clerk of the Bankruptcy Court for clients' filing fees. The checks were returned for insufficient funds during May and June 2003. The checks were written on respondent's operating account

and were made good by him upon being informed they had been returned.

Respondent was sanctioned by the Honorable John E. Waites. By order dated September 15, 2003, respondent was required to pay $200 to the South Carolina Bar Pro Bono Program (the Program) within fifteen days. Respondent delivered a $200 check written from his attorney's account to the Program, but it was returned for insufficient funds. Respondent subsequently paid the Program two hundred dollars.

While investigating this matter, ODC uncovered that, between May 20 and July 2, 2003, respondent wrote four checks to himself from his trust account. The funds, $6,080, were to be held for a probate matter. Although the four checks were noted "attorney's fees," respondent admits the funds were not earned fees and he used these funds for his personal use. As a result of contact from ODC, respondent replaced the funds on September 18, 2003. At no time did respondent's trust account fall into a negative balance.

ODC states that, to its best knowledge and belief, respondent has fully and immediately cooperated with ODC's inquires into these matters.

## LAW

Respondent admits that by his misconduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.15 (lawyer shall hold client property in lawyers possession separately from his own property); Rule 8.4(a) (lawyer shall not violate the Rules of Professional Conduct); and Rule 8.4(d) (lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). In addition, respondent admits his misconduct constitutes a violation of Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (lawyer shall not violate the Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers), Rule 7(a)(5) (lawyer shall not engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law), and Rule 7(a)(6) (lawyer shall not violate the oath of office taken upon admission to practice law in this state).

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and indefinitely suspend respondent from the practice of law. Within fifteen days of the date of this opinion, respondent shall surrender his certificate of admission to practice law in this state to the Clerk of Court and shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**INDEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.